PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* GEORGE EDMUNSON, Defendant and Appellant.

No. 3528. Argued June 20, 1928.—Decided July 16, 1929.

*L. Tormes* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The first ground of the appeal from the judgment which sentenced the appellant herein to pay a fine or in default thereof to be imprisoned, is that the lower court erred in overruling his demurrer to the complaint for lack of facts sufficient to constitute an offense and because the facts as charged were so stated that a person of ordinary intelligence could not understand them or be enabled to make his defense.

The complaint reads as follows:

"I, Rafael Antonio Covas, a resident of Guayama in 30 Calimano street, Hotel Paris, 20 years of age, bring this complaint against George Edmunson, manager of the baseball team Crisfield, for violation of section 475 of the Penal Code in force, committed as follows: That between the 13th and 26th of December, 1927, and in the Hotel Paris situated in Calimano street, Guayama, P. R., within the municipal judicial district of Guayama, P. R., which forms part of the judicial district of Guayama, P. R., then and there, unlawfully willfully and maliciously, obtained from the complainant, as manager of the Hotel Paris, owned by Heirs of Antonio Covas, food and lodging to the value of $286 for the said defendant as manager of the baseball team called Crisfield, as well as for the other members of the said baseball team, or eleven persons in all, having departed from the said Hotel Paris without the said defendant, or any other members of the said team in his behalf, having paid for the food and lodging which they owed to the said hotel, with the manifest intent to defraud Heirs of Antonio Covas, who owned the Hotel Paris, and its manager,

who is the complainant herein, of the aforesaid sum of $286, the value of the said food and lodging.

"A fact contrary to the law, etc."

The section which it is alleged has been violated reads as follows:

"Section 475. Any person who obtains any food or accommodation at an inn or boarding house without paying therefor, with intent to defraud the proprietor or manager thereof or who obtains credit at an inn or boarding house by the use of any false pretense, or who, after obtaining credit or accommodation at any inn or boarding house, absconds and surreptitiously removes his baggage therefrom without paying for his food or accommodation, is guilty of a misdemeanor."

According to this provision the offense is committed by any person who obtains food or accommodation at an inn or boarding house without paying therefor with intent to defraud the proprietor or manager thereof; also by any person obtaining credit at an inn or boarding house by false pretenses; and likewise by any person who, after obtaining such credit, absconds or surreptitiously removes his baggage therefrom without paying for his food or accommodation. The complaint against the appellant clearly charges the first form of that offense because it states that the defendant obtained at the Hotel Paris food and lodging for him and other persons and left the said hotel without paying for the food and lodging with intent to defraud the proprietors of the hotel. The appellant argues that the complaint does not charge him with the intent to defraud any person; but the complaint does charge such fact because, as already shown, it states that the accused left the hotel with the manifest intent to defraud the Heirs of Covas, who are the proprietors.

Nor is the appellant right in his contention regarding the second ground of his demurrer, because any person of ordinary intelligence who reads the complaint may know that it is charged against the appellant that he obtained food and

lodging at a hotel for himself and others and left without paying with intent to defraud the proprietors thereof.

The second ground of the appeal is that the court erred in weighing the evidence.

The evidence introduced by the prosecuting attorney and the defendant is conflicting. The state evidence tended to prove the facts as charged and that it was the appellant who bound himself to pay the hotel bill for himself and his companions, while the evidence of the defendant tended to show that it was not he who undertook to pay but that it was another person who so bound himself and ought to pay. The court decided the conflict against the appellant, and after reading the whole testimony we can not say that there was error in weighing the evidence.

The third assignment of error, wherein it is alleged that the judgment is contrary to the law and the evidence, is a consequence of the allegations of the two preceding ones, and since the preceding assignments have been decided adversely to the appellant it inevitably follows that the said assignment is without merit.

The judgment appealed from must be affirmed.

Mr Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF

My dissent is based on the insufficiency of the evidence to convict. Either the evidence was insufficient or, to my way of thinking, the court ought to have had a reasonable doubt of the guilt of the defendant or of his responsibility for the payment of board and lodging.